UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEED IT NOW DELIVERS, LLC,

                Plaintiff,

    -against-

EFM USA LLC d/b/a NEED-NOW,

                Defendant.

Case No. 18-cv-12011

**COMPLAINT**

Plaintiff Need It Now Delivers, LLC ("NIND"), for its Complaint against defendant EFM USA LLC d/b/a Need-Now ("Defendant"), alleges as follows:

**NATURE OF THE ACTION AND RELIEF SOUGHT**

1.    All of the claims herein arise out of and are based on Defendant's willful infringement of NIND's trademark rights, of which Defendant is well aware but has chosen to ignore.

2.    NIND owns the federally registered trademarks "NEED IT NOW" and "NEED IT NOW DELIVERS!" (collectively the "Need It Now Trademark") under which it offers delivery and courier services for personal and business packages by land and air.

3.    Defendant has knowingly and intentionally infringed on NIND's Need It Now Trademark in offering its own delivery and courier services under the trademark "Need-Now". Indeed, Defendant promotes itself as providing "any goods or services minutes delivery" through the use of "independent couriers at your service" under the infringing trademark Need-Now, all in violation of federal, state and common law.  Defendant has failed to cease its infringement of NIND's trademark even after receiving multiple cease-and-desist letters from NIND's counsel.

4.     Defendant's unlawful conduct has caused and will continue to cause serious and irreparable harm to NIND.  As already recognized by the United States Patent and Trademark Office's ("USPTO") examiner, consumers clearly are likely to be confused as to a perceived affiliation, connection, association, sponsorship, endorsement, approval or permission received from NIND that does not exist.  Defendant's conduct is likely to dilute the distinctive and source-identifying quality of NIND's trademark and to damage, erode and diminish the economic value of NIND's trademark, which NIND alone has the right to commercially exploit.

5.     NIND therefore seeks injunctive and monetary relief against Defendant's acts of federal trademark infringement, unfair competition, false designation of origin, fraudulent procurement and trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; cancellation of Defendant's purported registration of an infringing trademark pursuant to 15 U.S.C. § 1064, 1119 and 1120; related acts of deceptive business practices and trademark dilution and infringement under New York law, including New York General Business Law §§ 133, 349, 360-L; and common law trademark infringement and unfair competition.

## THE PARTIES

6.     Plaintiff NIND is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 37-18 57th Street, Woodside, New York 11377.

7.     Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the State of California, having a principal address and place of business at 9595 Wilshire Boulevard, Suite 502, Beverly Hills, California 90212, and doing business under the trade name "Need-Now."

## JURISDICTION AND VENUE

8.      This Court has jurisdiction under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; under the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and (b) and 1367(a); under New York General Business Law §§ 133, 349 and 360; and the common law of the State of New York.

9.      Upon information and belief, this Court has personal jurisdiction over Defendant because, among other things, Defendant contracts to supply goods or services in the State of New York, routinely conducts business in New York, purposefully avails itself of the laws of the State of New York by undertaking commercial activity in New York, and derives revenue from New York.

10.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTS COMMON TO ALL CLAIMS

**I.      Need It Now Delivers!**

**A.      NIND's Brand, Services, and Asserted Trademark Rights**

11.      Since as early as August 1993, NIND (and its predecessor in interest) has continuously provided delivery and courier services for its customers' personal and business packages under the brand name "Need It Now" and since November 2016 under the brand name "Need It Now Delivers!".

12.      Since that time, NIND has continuously used the name Need It Now and has grown to become a well-known name in the courier, delivery and logistics industry, with facilities located throughout the country (including New York), trusted by thousands of companies and individual consumers to provide industry-leading logistics and delivery solutions. NIND markets its capabilities to use state-of-the-art tracking software to its customers and, among other things, specializes in so-called last-mile, white glove and specialty delivery services

to consumers.  The Need It Now name is prominently displayed on the company's websites and mobile phone application ("App"), in advertising and marketing materials, and at trade and other industry shows and conventions.

13.     NIND offers a variety of delivery and logistics services that customers may schedule through NIND's websites (e.g., www.needitnowcourier.com; www.nindelivers.com), App, and/or telephone ordering service.  For example, NIND offers "rush couriers" and "on demand" delivery services whereby customers may deliver their packages through NIND's network of fast, dependable walkers and on-demand delivery vans.  Relatedly, NIND offers "last mile home delivery" services to provide customers a quick shipping option to ensure reliable delivery of personal packages, letters and consumer goods.

14.     NIND further offers pre-scheduled routed delivery whereby customers may schedule in advance delivery times and dates for their personal or business packages.  NIND also offers air freight services to ensure timely same day international delivery of packages to its expansive collection of commercial, industrial, and retail clients.

15.     For its retail clients, NIND also offers warehousing options along with supply-chain shipping solutions to keep its clients' shelves stocked and ready for the ultimate sale to a consumer.

16.     By allowing customers to order by its smartphone App, websites, or traditional telephone call, NIND's customers can get a price quote at any time and schedule pickup and delivery times with only a few clicks from a smartphone or computer for items ranging from envelopes to pallets, baked goods to large consumer or commercial items.  NIND also offers its customers the ability to track packages and provides electronic proof of pickup and delivery.

17.     NIND is the owner of the federal trademark registration for the trademark "NEED IT NOW" (Registration No. 2444430 (the "'430 Mark")), registered with the USPTO on April 17, 2001, based on an application filed on April 14, 2000.  This registration covers the following services in international class 39 (transportation and storage):  Delivery and courier services, namely, pick-up, packaging, transportation and delivery of personal and business packages freight and cargo by land and air.  The date of first use is identified as August 1, 1993, and the date of first use in commerce is identified as August 1, 1993.  The '430 Mark has attained the status of incontestability pursuant to 15 U.S.C. § 1065.

18.     NIND is also the owner of the federal trademark registration for the trademark "NEED IT NOW DELIVERS!" (Registration No. 5429341 (the "'341 Mark", and collectively with the '430 Mark, the "Need It Now Trademark")) registered at the USPTO on March 20, 2018, based on an application filed on December 1, 2016.  This registration covers the following services in international class 39:  Courier services; Delivery of Goods; Delivery of goods by land and air; Delivery of messages by courier; Document delivery by non-electronic means; Pick up, delivery and storage of personal property; Transport and delivery of goods.  The date of first use is identified as November 1, 2016, and the date of first use in commerce is identified as November 1, 2016.

19.     By virtue of using the '430 Mark in commerce since 1993 and the '341 Mark since 2016, NIND has established, and is the owner of, common law trademark rights for the word marks "Need It Now" and "Need It Now Delivers!".  NIND has also established and now owns common law trademark rights as a result of its use of the marks nationwide, including within New York.

**II.     Defendant's Unauthorized Activities Nationwide and in New York**

20.     Upon information and belief, Defendant offers delivery and courier services to its customers in interstate commerce that are either directly competitive with, or closely related to those delivery and courier services offered by NIND.

21.     Like NIND, Defendant maintains a website (www.need-now.com) and App through which it purports to provide "independent couriers at your service."  According to Defendant's own website, its network of couriers can deliver "any good or services minutes delivery" and promotes that "Need-Now allows customers to get what they need instantly." Defendant allows its customers to "follow [their] delivery on the map and chat with [their] courier" and the ability to "chat with your courier at any time and track your order on the map."

22.     Upon information and belief, Defendant contracts with merchants in the State of New York, and more specifically New York City, to promote such merchants' goods and services for sale and delivery to consumers located in New York using, among other things, Defendant's smartphone App and websites.

23.      Importantly, upon information and belief, Defendant's agreements with New York merchants obligate Defendant to "connect the Merchant to the couriers or delivery services companies of its choice in order to allow customers to be delivered.  [Defendant has] the sole right to determine the delivery fee and other particulars of the Delivery Services, including available hours and delivery area."

24.     Upon information and belief, Defendant customizes its App to each individual New York consumer to account for the exact location in which the App is being used.  Indeed, when New York consumers download and access Defendant's smartphone App, the App requires the consumer to enable geography tagging in order to determine the goods and services

that Defendant's network of local couriers or delivery services companies can offer to the consumer.

25.     Accordingly, Defendant advertises directly to New York consumers that it can provide local "independent couriers at your service" to ensure quick delivery of goods and services.

26.     Upon information and belief, in return for providing New York merchants with delivery and logistics services, Defendant earns a 10% delivery commission on revenues generated from the merchants' sales through Defendant's App.  In addition, Defendant takes a 15% marketing commission for advertising the local merchants' goods and services to be delivered through Defendant's network of couriers and logistics providers.

27.     Accordingly, Defendant's unlawful and repeated use of the name "Need-Now" has illegally infringed on the Need It Now Trademark in offering the Defendant's delivery and courier services to its clients on Defendant's website, smartphone App, and in promotional materials and advertising.

28.     Defendant has repeatedly used the Need-Now name and illegally infringed on NIND's Need It Now Trademark to characterize, identify, describe and market the aforesaid delivery and courier services and has continued to do so notwithstanding NIND's demands that it cease this conduct.

29.     Indeed, Defendant is not related to or affiliated with NIND in any way and has not sought or received a license or authorization from NIND for any purpose whatsoever, including the acts described herein, nor has Defendant been granted a license or authorization from NIND to use NIND's Need It Now Trademark.

30.     To the contrary, upon information and belief, Defendant has improperly obtained from the USPTO a trademark registration for use of the service mark "NEEDNOW".[1]

31.     On or about December 29, 2016, Defendant filed with the USPTO application number 87284722 seeking to register the word mark "NEEDNOW" as a trademark.

32.     On or about April 2, 2017, the trademark examining attorney ("Examiner") initially refused registration, explaining that "[r]egistration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 2444430", *i.e.*, NIND's '430 Mark.

33.     The Examiner further determined a likelihood of confusion between Defendant's proposed trademark and NIND's existing trademarks, in pertinent part, as follows:

> [I]t is foreseeable that customers of [Defendant] might encounter the [NIND's] respective services and mark in the marketplace given similar channels of trade within which the identified goods/services travel and/or are found.  Specifically, it is likely that [Defendant's] computer software for providing information on available same-day transportation and delivery services in the nature of courier services and [NIND's] delivery and courier services, namely, pick-up, packaging, transportation and delivery of personal and business packages freight and cargo by land an air will be marketed, advertised and ultimately sold or offered in the same or similar fashions . . . Confusion as to source of origin or sponsorship is extremely likely if the applicant's proposed mark is allowed to register.

34.     The Examiner's findings are unsurprising given the striking competitiveness of the parties' services as revealed in a simple comparison of services as advertised on the websites of NIND and Defendant:

---

[1] While Defendant filed for the trademark "NEEDNOW" without a hyphen, it apparently uses the mark Need-Now, in commerce, with a hyphen.

| Service | Plaintiff NIND | | Defendant Need-Now |
|---|---|---|---|
| Website(s) | www.needitnowcouriers.com | www.nindelivers.com | www.need-now.com |
| Rush Delivery | Typical rush service is completed in one hour. | Need it Now can locally deliver your packages with our fast, dependable walkers and on demand. | Any goods or services minutes delivery. |
| Courier Network | Our messenger service is recognized as fast and dependable. Typical rush messenger services is handled by dedicated courier and delivered as soon as possible. | Local or nationwide courier services are offered and our trained courier service specialists are available to determine which delivery options fit your time-critical needs. | Easy, convenient, fast and smart. Neighbors, local merchants and independent couriers at your service. |
| Mobile Capabilities | With the click of a button or a tap on a touch pad, you can do nearly anything that used to require a trip to a store, a walk across the building or picking up a phone. | Order by Phone, APP or Online.  You can schedule a pickup from wherever you are.  Get a price quote and delivery time with a few clicks. | Anything you need at your fingertips. |
| Tracking | With the instantaneous tracking of final mile delivery, you do not have to play a guessing game about whether your parcel arrived on time. | Our couriers are fully equipped with tracking software that allows you to follow your delivery from inception to delivery point. | Chat with your courier at any time and track your order on the map. |

35.     In response to this non-final rejection, Defendant did nothing for over 6 months, resulting in the USPTO's issuance of a Notice of Abandonment.

36.     In November 2017, Defendant then petitioned the USPTO to revive its trademark application and, although its business remained unchanged, proposed to amend the trademark identification to delete references to delivery and courier services in favor of identifying its purported mark with "computer application software for mobile devices, namely software for obtaining on demand and immediate purchase of goods and services.  Both providers and

receivers of such goods and services must use the mobile application for the purchase, sale, and receipt of the goods and services offered through the application."

37.     This is a distinction without a difference as the revised list of services are still directly competitive with NIND's services offered under its Need It Now Trademark because, among other reasons, NIND's customers may arrange for delivery and courier services online; both services market, advertise and provide courier and delivery services of the same type, fulfilling the same function; and both businesses promote the same fast, same-day and trackable delivery services.  Clearly, the use of virtually the same tradename for virtually the same services are likely, in fact, surely, to cause confusion among the consumers of such services.

38.     What is more, Defendant both in its original application and in responding to the USPTO's rejection of its application, misrepresented the nature of its business.  In doing so, Defendant deliberately and intentionally made material omissions in its applications to the USPTO.   Indeed, in responding to the USPTO's rejection of its application, Defendant misrepresented the nature of its business as that of only a "computer application software" in an effort to avoid the obvious and blatant similarities between the competitive delivery services offered by NIND and Defendant.  In doing so, Defendant deliberately and intentionally made material misrepresentations and/or omissions in its application to the USPTO to overcome the Examiner's prior objection based on the existence of the Need It Now Trademark.

39.     Upon information and belief, following receipt of the Defendant's amendment to its application, the Examiner withdrew the citation of NIND's Need It Now Trademark ultimately allowing Defendant's application to proceed owing to Defendant's material misrepresentations and/or omissions of fact concerning the true nature of Defendant's services, including its failure to disclose the substantial similarities between the delivery services

marketed and offered to the consumer by both NIND and Defendant. Had the Examiner been made aware of the actual similarities between the businesses of NIND and Defendant, the USPTO would have again refused Defendant's application on the same well-founded grounds of its initial rejection.

40.     On March 30 and July 18, 2018, NIND's counsel sent cease-and-desist letters to Defendant and its counsel, however, Defendant has failed to cease infringing on the Need It Now Trademarks.

41.     To the contrary, on October 2, 2018, while in possession of two separate cease and desist letters, Defendant falsely filed with the USPTO a Statement of Use with respect to the "NEEDNOW" mark and certified as follows:

> To the best of the signatory's knowledge and belief, no other persons . . . have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.
>
> To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.
>
> The signatory being warned that willful false statements and the like are punishable by fine or imprisonment . . . and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

42.     As a result, Defendant obtained its registration by means of false and misleading representations to the USPTO.

43.     Defendant's infringement of NIND's trademark unlawfully wrests from NIND control over its reputation and, upon information and belief, is unjustly enriching Defendant.

44.     Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable damage to NIND and its business and goodwill unless restrained by this Court.

45.     Upon information and belief, and as demonstrated by the facts and circumstances alleged above, Defendant has intentionally and willfully violated NIND's trademark rights.

## COUNT I

**(Trademark Infringement under Section 32(1) of
the Lanham Act (15 U.S.C. § 1114(1))**

46.     NIND repeats and incorporates herein by reference each of the foregoing allegations.

47.     Defendant's infringement of NIND's Need It Now Trademark by using "NEEDNOW" and/or "Need-Now" constitutes knowing, deliberate and willful infringement of NIND's '430 Mark and '341 Mark, all under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

48.     Defendant's infringement of NIND's Need It Now Trademark is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between Defendant and NIND, and/or as to NIND's sponsorship or approval of Defendant's goods, services and/or commercial activities.

49.     Defendant's infringement of NIND's Need It Now Trademark has caused, and unless enjoined, will continue to cause substantial and irreparable injury to NIND for which NIND's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Need It Now Trademark.

50.     Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

51.     As a result of Defendant's infringement, NIND is entitled to injunctive relief, cancellation of the Defendant's purported "NEEDNOW" trademark, and is also entitled to recover Defendant's profits, NIND's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## COUNT II

### (Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a))

52.     NIND repeats and incorporates herein by reference each of the foregoing allegations.

53.     Defendant's infringement of NIND's Need It Now Trademark by using "NEEDNOW" and/or "Need-Now" constitutes a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.     Defendant's infringement of NIND's Need It Now Trademark is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between Defendant and NIND, and/or as to NIND's sponsorship or approval of Defendant's goods, services and/or commercial activities.

55.     Defendant's infringement of NIND's Need It Now Trademark has caused, and unless enjoined, will continue to cause substantial and irreparable injury to NIND for which NIND has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Need It Now Trademark.

56.     Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

57.     As a result of Defendant's infringement, NIND is entitled to injunctive relief and is also entitled to recover Defendant's profits, NIND's non-duplicative actual damages, enhanced

profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT III

**(Trademark Dilution under Section 43(a)(1) of
the Lanham Act (15 U.S.C. § 1125(a)(1)))**

58.     NIND repeats and incorporates herein by reference each of the foregoing allegations.

59.     As a result of NIND's popular delivery and courier service, NIND's Need It Now Trademark has gained distinctiveness and is entitled to protection against dilution by blurring or tarnishment.

60.     Defendant's infringement of NIND's Need It Now Trademark by using "NEEDNOW" and/or "Need-Now" constitutes dilution of NIND's Need It Now Trademark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

61.     Defendant's infringement of NIND's Need It Now Trademark is likely to dilute the trademark at least by eroding the public's identification of the trademark with NIND and by lessening the capacity of the trademark to identify and distinguish NIND's goods and/or services.

62.     Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

63.     As a result of Defendant's dilution of NIND's Need It Now Trademark, NIND is entitled to injunctive relief and is also entitled to recover Defendant's profits, NIND's non-duplicative actual damages, enhanced profits and damages, and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a)(1), 1116 and 1117.

## COUNT IV

**(Cancellation of Defendant's Trademark Registration for
False and Fraudulent Procurement Thereof (15 U.S.C. § 1064(3), 1119 and 1120)**

64.    NIND repeats and incorporates herein by reference each of the foregoing allegations.

65.    As described above, Defendant knowingly made false, material representations to the USPTO concerning the substantial overlap and similarity between its business and that of NIND.  Moreover, after receiving two separate cease and desist letters from NIND with respect to its infringement upon NIND's mark, Defendant filed a sworn certification with the USPTO falsely claiming that no other person had the right to use its purported mark either in identical form or in such near resemblance as to be likely to cause confusion or mistake, or to deceive.

66.    Defendant intended to induce the Examiner to rely upon Defendant's misrepresentations and omissions of material facts so that the Examiner would not reject its trademark application.

67.    Upon information and belief, the Examiner reasonably relied upon Defendant's failure to disclose these material facts.  Had the Examiner been made fully aware of these facts, he would have known that its concerns about confusion were sound and legitimate and would have refused the application.

68.    Defendants' misrepresentations as to the nature of its services to circumvent the overlap and similarities between the businesses of Defendant and NIND was carried out deliberately and with fraudulent intent.

69.    Accordingly, Defendant's registration is neither valid nor protectable and so should be cancelled immediately under 15 U.S.C. §§ 1064(3), 1119.

70.     As a result of Defendant's procurement of registration of a mark in the USPTO by a false or fraudulent declaration or representation, NIND is entitled to damages arising from Defendant's resulting infringement of the NIND's Need It Now Trademark.

## COUNT V

### (Common Law Trademark Infringement and Unfair Competition)

71.     NIND repeats and incorporates herein by reference each of the foregoing allegations.

72.     Defendant's use of NIND's Need It Now Trademark constitutes common law trademark infringement and unfair competition with NIND under the common law of the State of New York.

73.     Defendant's infringement of NIND's Need It Now Trademark is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between Defendant and NIND, and/or as to NIND's sponsorship or approval of Defendant's goods, services and/or commercial activities.

74.     Defendant's infringement of NIND's Need It Now Trademark has caused, and unless enjoined, will continue to cause substantial and irreparable injury to NIND for which NIND has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Need It Now Trademark.

75.     Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

76.     As a result of Defendant's conduct, NIND is entitled to injunctive relief and is also entitled to recover Defendant's profits, NIND's non-duplicative actual damages, punitive damages, and costs and reasonable attorneys' fees.

## COUNT VI

**(Unlawful Deceptive Acts and Practices under
New York General Business Law § 349)**

77.    NIND repeats and incorporates herein by reference each of the foregoing allegations.

78.    Defendant's use of the "NEEDNOW" and/or "Need-Now" mark constitutes a violation of Section 349 of the New York General Business Law.

79.    Defendant's infringement of NIND's Need It Now Trademark is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between Defendant and NIND, and/or as to NIND's sponsorship or approval of Defendant's goods, services and/or commercial activities.

80.    Defendant's use of the "NEEDNOW" and/or "Need-Now" mark has caused, and unless enjoined, will continue to cause substantial and irreparable injury to NIND for which NIND has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with NIND's Need It Now Trademark.

81.    Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

82.    As a result of Defendant's conduct, NIND is entitled to injunctive relief and is also entitled to recover actual damages, enhanced damages, punitive damages, treble damages and costs and reasonable attorneys' fees.

## COUNT VII

### (Use of Name or Address with Intent to Deceive
### under New York General Business Law § 133)

83.     NIND repeats and incorporates herein by reference each of the foregoing allegations.

84.     Defendant's use of the "NEEDNOW" and/or "Need-Now" mark constitutes a violation Section 133 of the New York General Business Law.

85.     Defendant's use of the "NEEDNOW" and/or "Need-Now" mark is likely to cause confusion, cause mistake and/or deceive as to the affiliation, connection or association between Defendant and NIND, and/or as to NIND's sponsorship or approval of Defendant's goods, services and/or commercial activities.

86.     Defendant's infringement of NIND's Need It Now Trademark has caused, and unless enjoined, will continue to cause substantial and irreparable injury to NIND for which NIND has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Need It Now Trademark.

87.     Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

88.     As a result of Defendant's conduct, NIND is entitled to injunctive relief enjoining Defendant's conduct described above.

## COUNT VIII

### (Dilution under New York General Business Law § 360-L)

89.     NIND repeats and incorporates herein by reference each of the foregoing allegations.

90.     Defendant's use of the "NEEDNOW" and/or "Need-Now" mark constitutes a violation of Section 360-L of the New York General Business Law.

91.     Defendant's use of the "NEEDNOW" and/or "Need-Now" mark is likely to dilute the trademark at least by eroding the public's identification of the trademark with NIND and by lessening the capacity of the trademark to identify and distinguish NIND's goods and/or services.

92.     Defendant's use of the "NEEDNOW" and/or "Need-Now" mark has caused, and unless enjoined, will continue to cause substantial and irreparable injury to NIND for which NIND has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with NIND's Need It Trademark.

93.     Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

94.     As a result of Defendant's conduct, NIND is entitled to injunctive relief enjoining Defendant's conduct described above.

## **RELIEF SOUGHT**

WHEREFORE, NIND respectfully prays for judgment against Defendant as follows:

1.     Judgment that Defendant has:

   a.     Willfully infringed NIND's '430 Mark and '341 Mark in violation of § 1114 of Title 15 in the United States Code;

   b.     Willfully engaged in unfair competition and/or used false designations of origin in violation of § 1125(a) of Title 15 in the United States Code;

   c.     Willfully diluted NIND's '430 Mark and '341 Mark in violation of § 1125(a)(1) of Title 15 in the United States Code;

d.    Willfully and fraudulently procured its trademark registration in violation of §§ 1064 and 1120 of Title 15 in the United States Code;

e.    Willfully infringed NIND's Need It Now Trademark and engaged in unfair competition in violation of the common law of New York;

f.    Willfully committed deceptive acts in violation of Section 349 of the New York General Business Law;

g.    Willfully committed acts with the intent to deceive or mislead in violation of Section 133 of the New York General Business Law; and

h.    Willfully diluted NIND's Need It Now Trademark in violation of Section 360 of the New York General Business Law.

2.    An injunction prohibiting Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all other parties in privity or acting in concert therewith from continuing infringement, false designation of origin, unfair competition, and/or dilution of NIND's Need It Now Trademark, including at least from selling, offering to sell, distributing or advertising goods and/or services using the "NEEDNOW" and/or "Need-Now" mark, any formative thereof, or any mark that is confusingly similar thereto;

3.    An order directing the destruction of all advertising materials related to goods and/or services marketed using the "NEEDNOW" and/or "Need-Now" mark, including on the internet;

4.    An order that the federal trademark registration issuing from Defendant's application Serial No. 87284722 be cancelled in accordance with 15 U.S.C. §§ 1064(3), 1119;

5.    An award of Defendant's non-duplicative profits, NIND's actual damages, enhanced profits and damages, punitive damages, and costs and reasonable attorneys' fees for

Defendant's trademark infringements and dilution, and acts of unfair competition and unfair business practices;

6.      An award of the reasonable costs and expenses, including reasonable attorney's fees pursuant to 15 U.S.C. § 1117 or other applicable authority, pre-Judgment and post-Judgment interest; and

7.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Need It Now Delivers, LLC hereby demands a jury trial in this action.


Dated:  New York, New York          **BARTON LLP**
        December 19, 2018


                                    By:_____/s/ Alan T. Gallanty_____
                                        Alan T. Gallanty
                                        Michael C. Ward

                                    711 Third Avenue, 14th Floor
                                    New York, New York 10017
                                    (T) (212) 687-6262
                                    (F) (212) 687-3667
                                    agallanty@bartonesq.com
                                    mward@bartonesq.com

                                    *Attorneys for Plaintiff*
                                    *Need It Now Delivers, LLC*